UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:10-CR-667-1 |
| | § | |
| JOE CRUZ III | § | |

# ORDER

Joe Cruz, III filed a *pro se* letter motion seeking appointment of counsel to assist him in challenging the Bureau of Prison's (BOP) treatment of his mental health. D.E. 121. Cruz alleges that the BOP insisted on placing him on psychotropic medication that resulted in him gouging out one of his eyes.

The relief Cruz seeks is not cognizable in his criminal case. Cruz appears to seek relief available pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He is required to file a separate civil action to invoke those remedies *after* he exhausts his administrative remedies. 42 U.S.C. § 1997e(a); *Huff v. Neal*, 555 F. App'x 289, 293 (5th Cir. 2014). Cruz' civil action must also be filed in the proper venue, most likely where the events occurred or when the defendant(s) reside. 28 U.S.C. § 1391.[1] Based upon Cruz' return address, venue may lie in Massachusetts.

---

[1] A civil action may be brought in--
    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

There is no automatic right to the appointment of counsel in a *Bivens* action. *Chamberlain v. Chandler*, 344 Fed. App'x 911, (5th Cir. 2011) (per curiam) (unpublished); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). A district court is not required to appoint counsel unless the case presents "exceptional circumstances." *Chamberlain*, 344 Fed. App'x at 913; *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Cruz' blindness or partial blindness may constitute an exceptional circumstance, but his motion is premature because he has not yet filed an action seeking relief.

Cruz' motion for appointment of counsel (D.E. 121) is DENIED. The Clerk is instructed to send Cruz forms § 1983 forms that he can use to file a *Bivens* action.

SIGNED and ORDERED this 22nd day of December, 2017.

_____
Janis Graham Jack
Senior United States District Judge